FILED

2006 Jul-17  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHLAND INTERNATIONAL TRUCKS, INC., | } } } | |
| Plaintiff, | } } } | CIVIL ACTION NO. 06-AR-1298-S |
| v. | } } } | |
| CLEAN EARTH ENVIRONMENTAL GROUP, LLC, et al., | } } } | |
| Defendants. | } } | |

## MEMORANDUM OPINION

Before the court is the motion of plaintiff, Southland
International Trucks, Inc. ("Southland"), to remand the above-
entitled case which was removed to this court from the Circuit
Court of Jefferson County, Alabama, by defendant, James A.
Thompson ("Thompson"), on June 30, 2006.  The action was
commenced in the state court against Clean Earth Environmental
Group, LLC ("Clean Earth") and Thompson on August 12, 2005.  On
January 24, 2006, Clean Earth filed a voluntary petition for
Chapter 11 bankruptcy in the United States Bankruptcy Court for
the Eastern District of Kentucky, Case No. 06-50052.  This
created the automatic stay of the action as against Clean Earth,
but did not stay the action against Thompson or prevent a ruling
on Thompson's then pending motion to dismiss, which is now
renewed in this court as a matter carried to this court with the
notice of removal.  Thompson's motion to dismiss can, of course,
be ruled upon by this court only if the case was properly

removed.

Oral argument was conducted on July 14, 2006, at which time
the four documents attached hereto as Exhibits "A", "B", "C" and
"D" were jointly offered and received and are being considered as
part of the record.  They reflect relevant action by the
Bankruptcy Court in Kentucky.

As demonstrated in the very helpful law review article by
Honorable Thomas B. Bennett, *Removal, Remand, and Abstention
Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27
Cumb. L. Rev. 1037 (1996-1997), there is a difference of opinion
about the time for removing a state court case that is "related
to" a bankruptcy proceeding.  Although the Eleventh Circuit has
not spoken precisely on the subject, Judge Bennett persuasively
concludes that when 28 U.S.C. §1446 and Rule 9027, Federal
Bankruptcy Rules, are in conflict, §1446 governs.  In this case,
Clean Earth filed its bankruptcy petition on January 24, 2006, at
which time Thompson's thirty (30) day time period provided by
§1446 began to run.  The order entered by the Bankruptcy Court on
May 12, 2006 (Exhibit "B"), extending the time for the "debtors"
to remove any state court actions, was entered after the thirty
(30) day period within which Thompson could remove had expired.
That order could not retroactively abrogate the removal
prohibition that had already been effected by §1446.
Furthermore, the order of May 12, 2006, only purported to extend

2

the removal time for "debtors".  Thompson was not and is not a "debtor".  Because the time within which Thompson could remove expired before his notice of removal was filed, there is no need to discuss the other issues raised by Southland, such as whether the action against Thompson "relates to" the bankruptcy proceeding inasmuch as Clean Earth and Thompson have mutually released each other.  The motion to remand will be granted by separate order.

DONE this 17th day of July, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE